**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**WEST PALM BEACH DIVISION**

| | |
|---|---|
| JAMES PIET, individually and on behalf of all others similarly situated, | )<br>)<br>) |
| *Plaintiff(s),* | ) |
| v. | )<br>) |
| OFFICE DEPOT, LLC, | )<br>) |
| *Defendant(s).* | )<br>) |

CASE NO. 9:24-cv-81488-WPD

---

**DEFENDANT, OFFICE DEPOT, LLC'S MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO RULE 12(c) OR, IN THE ALTERNATIVE, MOTION TO STAY PENDING RESOLUTION OF RELATED APPEAL, WITH INCORPORATED MEMORANDUM OF LAW**

Defendant Office Depot, LLC ("Office Depot" or "Defendant"), by and through the undersigned counsel, respectfully submits this Motion for Judgment on the Pleadings Pursuant to Federal Rule of Civil Procedure 12(c), or, in the alternative, to Stay Proceedings Pending Resolution of the Appeal in *Davis v. CVS Pharmacy, Inc.*, with Incorporated Memorandum of Law. In support thereof, Office Depot states as follows:

**INTRODUCTION**

Plaintiff brings this putative class action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(c)(5), alleging that he received text messages on his cellular telephone from Office Depot after requesting that Defendant cease sending such messages. Plaintiff asserts a single claim under 47 U.S.C. § 227(c)(5)[1] and its implementing regulation, 47 C.F.R. § 64.1200(d) (the Do-Not-Call or "DNC Provisions").

---

[1] Despite the title of Plaintiff's claim in his Complaint referencing 47 U.S.C. § 227(c)(2), the claim he has asserted is pursuant to 47 U.S.C. § 227(c)(5). (ECF No. 1 at ¶ 43.)

Plaintiff's claim fails because the provision at issue does not apply to text messages. Plaintiff relies entirely on prior FCC orders and guidance that attempted to expand the reach of the DNC Provisions to cover text messages. But on June 20, 2025, the United States Supreme Court held in *McLaughlin Chiropractic Associates, Inc. v. McKesson Corporation* that trial courts are "not bound by the FCC's interpretation of the TCPA." 606 U.S. 146, 168 (2025). Under *Loper Bright Enterprises v. Raimondo*, courts must instead apply "the reading the court would have reached if no agency were involved," evaluating the TCPA as it was enacted in 1991. *See* 603 U.S. 369, 400 (2024); *see also McLaughlin Chiropractic*, 606 U.S. at 152.

When the TCPA is interpreted as enacted in 1991, Plaintiff's claim fails as a matter of law. Section 227(c)(5) provides a cause of action only for a "telephone call" made in violation of the statute; it does not extend to text messages. As the Eleventh Circuit explained, "[t]he TCPA is completely silent on the subject of unsolicited text messages," even in light of subsequent congressional amendments. *Salcedo v. Hanna*, 936 F.3d 1162, 1169 (11th Cir. 2019), *abrogated on other grounds by Drazen v. Pinto*, 74 F.4th 1336 (11th Cir. 2023). Text messaging did not exist in 1991, and "it is only through the rulemaking authority of the FCC that the voice call provisions of the TCPA have been extended to text messages." *Id.*

In light of *Loper Bright* and *McLaughlin Chiropractic*, this Court owes no deference to the FCC's interpretations and must apply the TCPA's text using ordinary principles of statutory construction. The result is straightforward: a text message is not a "telephone call." No ordinary speaker of English would describe a text as a call, and Congress in 1991 could not have intended otherwise—the first text message was not even sent until after the TCPA's enactment. The Northern District of Florida recently confirmed this exact point in *Davis v. CVS Pharmacy, Inc.*, dismissing a putative class action under Section 227(c)(5) because "[t]he statutory text here is

clear, and a text message is not a 'telephone call.'" No. 4:24-CV-477-AW-MAF, 2025 WL 2491195, at *1 (N.D. Fla. Aug. 26, 2025), appeal docketed, No. 25-13358-C (11th Cir. Sept. 2025) (noting that "[c]ertainly, no ordinary person would think of a text message as a 'telephone call'"). Although Congress has since amended other provisions of the TCPA to encompass text messages, it has never amended Section 227(c) to do so. Because a text message is not a "telephone call," Plaintiff's claim fails, and judgment as a matter of law should be entered for Defendant in this action.

After the United States Supreme Court's decision in *Loper Bright* and its recent ruling in *McLaughlin Chiropractic*, the FCC's interpretations are entitled to no deference and are not controlling. Because Plaintiff cannot invoke the protections of the statute he seeks recovery under, entry of judgment as a matter of law for Defendant is warranted. In the alternative, because the Eleventh Circuit's forthcoming decision in *Davis* will directly control a dispositive issue here— whether a text message qualifies as a "telephone call" under Section 227(c)(5)—this Court should exercise its discretion to stay proceedings in this matter pending the Eleventh Circuit's ruling.

## BACKGROUND

Plaintiff initiated this case on November 25, 2025. (ECF No. 1.) Plaintiff contends that (i) he began receiving text messages from Office Depot in September 2024; (ii) on September 18, 2024, he responded "Stop" to opt-out of further text messages; and (iii) he has continued to receive text messages from Office Depot after that date. (*Id.* at ¶¶ 10-16.) Plaintiff asserts a claim under the TCPA's internal do-not-call regulations, found at 47 C.F.R. § 64.1200(d), through the cause of action found at 47 U.S.C. § 227(c)(5). (*Id.* at ¶¶ 43-49.) Plaintiff seeks to represent a nationwide class of persons defined as:

> Internal Do Not Call Class: All persons throughout the United States who, within the four years prior to the filing of this Complaint, were sent a text message from

Defendant or anyone on Defendant's behalf, to said person's cellular telephone number *after* making a request to Defendant to not receive future text messages.

(*Id.* at ¶ 32.)

In sum, Plaintiff's allegations concern only text messages purportedly sent to his cellular telephone after he attempted to opt-out of further communication. These facts, even if accepted as true, do not give rise to a viable claim under Section 227(c)(5) of the TCPA.

## DISCUSSION

### I.      Legal Standard Under Rule 12(c).

"After the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is appropriate when there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts." *Medicomp, Inc. v. United Healthcare Inc. Co.*, 562 F. App'x 754, 756 (11th Cir. 2014) (quoting *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998)); *Cunningham v. Dist. Attorney's Off. for Escambia Cnty.*, 592 F.3d 1237, 1255 (11th Cir. 2010). A court ruling on a Rule 12(c) motion to dismiss accepts the well-pled factual allegations as true and views the facts in the light most favorable to the nonmoving party. *Jones v. Fransen*, 857 F.3d 843, 850 (11th Cir. 2017); *Munro v. Fairchild Tropical Botanic Garden, Inc.*, No. 20-20079-CIV, 2021 WL 894380, at *1 (S.D. Fla. Mar. 3, 2021). "If a comparison of the averments in the competing pleadings reveals a material dispute of fact, judgment on the pleadings must be denied." *Garcon v. United Mut. of Omaha Ins. Co.*, 779 F. App'x 595, 599 (11th Cir. 2019) (quoting *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1335 (11th Cir. 2014)). The legal standard for assessing a motion for judgment on the pleadings is the same as the standard for a motion to dismiss under Rule 12(b)(6). *Mobile Telecommunications Techs., LLC v. United Parcel Serv., Inc.*, 173 F.Supp.3d 1324, 1327 (N.D. Ga. 2016), aff'd, 708 F. App'x

684 (Fed. Cir. 2018) (citing *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998) (citations omitted).

A court should grant a motion to dismiss when the pleading fails to contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Dismissal is also "proper when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Allen v. USAA Cas. Ins. Co.*, 790 F.3d 1274, 1278 (11th Cir. 2015) (quotation marks omitted).

## II.    The TCPA Must Be Interpreted According to Its 1991 Text, Without Deference to FCC Orders.

In *Loper Bright Enterprises v. Raimondo*, the United States Supreme Court eliminated *Chevron* deference. *See* 603 U.S. 369 (2024). This ruling permits courts "to decide whether the law means what the agency says." *Id.* at 392. Courts must utilize "the reading the court would have reached if no agency were involved." *Id.* at 400 (internal quotations and citation omitted). Importantly, "every statute's meaning is fixed at the time of enactment." *Id.* (internal quotations and citation omitted).

This year, the United States Supreme Court decided *McLaughlin Chiropractic Assocs. v. McKesson Corp.*, 606 U.S. 146 (2025). Before that decision, the Eleventh Circuit viewed FCC orders as dispositive at the district court level. That is, "the district court lack[ed] jurisdiction" to rule contrary to FCC rulings. *See Mais v. Gulf Coast Collection Bureau, Inc.*, 768 F.3d 1110, 1120 (11th Cir. 2014). With *McLaughlin Chiropractic*, the Supreme Court abrogated prior Eleventh Circuit precedent, confirming that district courts are not "bound by the FCC's interpretation of the

TCPA," but must instead interpret the statute "under ordinary principles of statutory interpretation." 606 U.S. at 152.

Taken together, *Loper Bright* and *McLaughlin Chiropractic* require the TCPA provision at issue to be interpreted according to its most accurate meaning as written in 1991—without regard to later developments such as the shift from landlines to cell phones or the rise of text messaging, and without deference to the FCC's subsequent interpretations, rules, or guidance.

### III.    Text Messages Fall Outside the Scope of Section 227(c)(5).

#### A.  *Statutory and Regulatory Background*.

Plaintiff's claim arises under Section 227(c) of the TCPA, which provides a private right of action to "[a] person who has received more than one *telephone call* within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection." 47 U.S.C. § 227(c)(5) (emphasis added). Notably, Section 227(c) omits any reference to text messages, while other provisions of the TCPA expressly distinguish them from telephone calls. *See, e.g.*, 47 U.S.C. § 227(e).

In 2002, the FCC issued a Notice of Proposed Rulemaking expressing its intent to update the TCPA to address "[n]ew technologies" that had developed since the statute's enactment. *See Notice of Proposed Rulemaking*, 17 FCC Rcd. 17459, ¶ 1 (2002) ("2002 NPRM"). The following year, the FCC declared that the term "call" under the TCPA "encompasses both voice calls and text calls."[2] *In re Rules and Regulations Implementing the TCPA of 1991*, 18 FCC Rcd. 14014, ¶ 165 (2003) ("2003 Order").[3] The FCC, however, cited no statutory authority or textual basis for

---

[2] The FCC addressed text messages in the context of a "call" under Section 227(b), not as a "telephone call" under Section 227(c).

[3] In subsequent orders, the FCC reiterated that it considers text messages to be "calls" under the TCPA. *See In re Rules & Regulations Implementing the TCP Act of 1991*, 30 FCC Rcd. 7961

treating a text message as a "call." *See id.* Instead, it justified its interpretation on the ground that it was consistent with the statute's perceived goals. *See id.*

In response, courts adopted this interpretation solely because *Chevron* required deference to the FCC. *See, e.g.*, *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th Cir. 2009) (holding that courts "must defer" to the FCC's determination that a text message was a "call"); *Murphy v. DCI Biologicals Orlando, LLC*, 797 F.3d 1302, 1305 (11th Cir. 2015) (deferring wholesale to the FCC's 2003 Order); *Northrup v. Innovative Health Ins. Partners, LLC*, No. 8:17-CV-1890-T-36JSS, 2019 WL 1783581, at *2 n.4 (M.D. Fla. Jan. 3, 2019) (same). Trial courts were effectively rendered powerless to disagree with the FCC. *See Mais v. Gulf Coast Collection Bureau, Inc.*, 768 F.3d 1110, 1121 (11th Cir. 2014).

In *Salcedo v. Hanna*, the Eleventh Circuit thus correctly recognized that the TCPA (in relevant part) was "completely silent" on text messages, which could not have been contemplated when it was enacted; rather "it is only through the rulemaking authority of the FCC that the voice call provisions of the TCPA have been extended to text messages." 936 F.3d 1162, 1169 (11th Cir. 2019), *abrogated on other grounds by Drazen v. Pinto*, 74 F.4th 1336 (11th Cir. 2023).[4]

**B.   *The DNC Provisions Do Not Apply to Text Messages*.**

Following the elimination of *Chevron* deference, the question before this Court is simple: does a text message constitute a "telephone call" under Section 227(c)(5) of the TCPA? The statute's plain language makes clear it does not.

---

(2015). However, the FCC repeatedly refers to the 2003 Order as to why that is supposedly the case. *See id.* at ¶ 1 n.3.

[4] *Salcedo* was abrogated on standing grounds by *Drazen v. Pinto*, 74 F.4th 1336 (11th Cir. 2023). *Drazen* did not, however, undertake a substantive analysis of the TCPA's applicability to text messages, addressing that issue only in *dicta* in a footnote. *Id.* at 1343 n.5.

It is well established that "[i]n interpreting a statute, we start with the plain language of the provisions to be interpreted." *Pugliese v. Pukka Dev., Inc.*, 550 F.3d 1299, 1303 (11th Cir. 2008). "Unless otherwise defined, words will be interpreted as taking their ordinary, contemporary, common meaning." *Perrin v. United States*, 444 U.S. 37, 42 (1979). Under the plain meaning of the language of the TCPA as written in 1991, a text message is not a "telephone call." The Northern District of Florida recently held exactly that. In *Davis v. CVS Pharmacy, Inc.*, the court held, in dismissing a putative class action suit under Section 227(c)(5), that "[t]he statutory text here *is* clear, and a text message is not a 'telephone call.'" No. 4:24-CV-477-AW-MAF, 2025 WL 2491195, at *1 (N.D. Fla. Aug. 26, 2025), appeal docketed, No. 25-13358-C (11th Cir. Sept. 2025). (reasoning that "[c]ertainly, no ordinary person would think of a text message as a '*telephone call*'").

The plain language of Section 227(c)(5) is dispositive, and the Court's inquiry should end here. *United States v. Silva*, 443 F.3d 795, 797-98 (11th Cir. 2006) ("If the statute's meaning is plain and unambiguous, there is no need for further inquiry."); *see also Davis*, 2025 WL 2491195, at *1 (explaining that the conclusion that a text message is not a "telephone call" "is enough to end this case"). If, however, the Court were to find ambiguity in the plain language of Section 227(c)(5), the legislative history points to the same conclusion. When a statutory term is vague or ambiguous, "it is appropriate for a court to look to legislative history as a guide to its meaning." *Cont'l Can Co. v. Mellon*, 825 F.2d 308, 310 (11th Cir. 1987); *see also, e.g.*, *Garcia v. Vanguard Car Rental USA, Inc.*, 540 F.3d 1242, 1247 (11th Cir. 2008) ("We may consult legislative history to elucidate a statute's ambiguous or vague terms …").

Congress, when it passed the TCPA, could not have meant for "telephone call" to include a text message because text messaging "did not exist in 1991 when the TCPA was enacted." *Salcedo*, 36

F.3d at 1168-69; *see also Blow v. Bijora, Inc.*, 191 F.Supp.3d 780, 786 n.3 (N.D. Ill. 2016), *aff'd on other grounds*, 855 F.3d 793 (7th Cir. 2017) ("The first text message was sent on December 3, 1992."). It is implausible that Congress intended "call" to encompass a non-voice technology not yet in use, and nothing in the statute or legislative history suggests that "telephone call" was meant to include text messages at the time the statute was enacted in 1991. As the Supreme Court emphasized in *Loper*: "That is the whole point of having written statutes; every statute's meaning is fixed *at the time of enactment*." 603 U.S. at 400 (internal quotation marks omitted) (emphasis added).

Importantly, and consistent with a narrow reading of "telephone call," Congress later amended the TCPA to address text messages in a separate provision concerning Caller ID requirements. *See* Consolidated Appropriations Act, 2018, H.R. 1625, 115th Cong., Pub. L. No. 115-141, div. P, § 503(a) (2018) (codified at 47 U.S.C. § 227(e)). In that amendment, Congress expressly distinguished "a call made using a voice service" from a "text message sent using a text message service." 47 U.S.C. § 227(e)(8)(A), (B). Congress did not, however, extend this distinction to the DNC Provisions on which Plaintiff's claim is based.

"When Congress uses different terms, we expect that they hold different meanings, especially when the same meaning would render one of the terms superfluous." *Fernandez v. Seaboard Marine Ltd.*, 135 F.4th 939, 958 (11th Cir. 2025), *citing Pulsifer v. United States*, 601 U.S. 124, 149 (2024) ("In a given statute, … different terms usually have different meanings."). Congress's decision not to amend Section 227(c) to include text messages—despite clearly recognizing the distinction between a call and a text message elsewhere in the statute—underscores that omission as intentional.

Had Congress intended the term "telephone call" in Section 227(c) to encompass text messages, its deliberate distinction between calls and text messages in Section 227(e) would serve no purpose. Congress could simply have prohibited "calls" using false Caller ID information. *See Fernandez*, 135 F.4th at 958; *see also Trim v. Reward Zone USA LLC*, 76 F.4th 1157, 1162 (9th Cir. 2023) ("If voice calls encompassed text messages, the inclusion of the terms text message would be surplusage, and Congress would have written the statute in a manner contrary to a basic canon of statutory construction, that a statute should be interpreted 'so as not to render one part inoperative.'").

In effect, the FCC justified its expansion of the TCPA on policy grounds, seeking to adapt the statute to "[n]ew technologies" it did not originally address. *See* 2002 NPRM at ¶ 1; *see also* 2003 Order at Appendix B ¶ 2. But the Supreme Court has made clear—particularly in the context of the TCPA—that courts "cannot rewrite the TCPA to update it for modern technology," even if the statute appears "outdated." *Facebook, Inc. v. Duguid*, 592 U.S. 395, 397 (2021). *Loper* and *McLaughlin Chiropractic* reaffirm this principle, emphasizing that courts must interpret statutes "based on the traditional tools of statutory construction, not individual policy preferences." *Loper*, 603 U.S. at 403.

A text message is not a "telephone call" and therefore is not actionable under Section 227(c)(5) of the TCPA absent congressional amendment.

## IV.    In the Alternative, This Court Should Stay Proceedings Pending the Eleventh Circuit's Resolution of *Davis v. CVS Pharmacy*.

In the alternative to judgment as a matter of law in favor of Defendant, this Court should stay this action pending the Eleventh Circuit's forthcoming decision in *Davis v. CVS Pharmacy, Inc.*, which will directly resolve a dispositive issue presented in this case. A stay will conserve

judicial and party resources, avoid inconsistent rulings, and ensure this case proceeds in accordance with binding appellate authority.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also Clinton v. Jones*, 520 U.S. 681, 683 (1997) (recognizing a district court's "broad discretion to stay proceedings as an incident to its power to control its own docket"). In exercising this discretion, district courts typically weigh the following factors: "(1) the stage of the litigation; (2) undue prejudice to the nonmoving party; and (3) simplification of the issues in question." *Prisua Eng'g Corp. v. Samsung Elecs. Co.*, 472 F.Supp.3d 1183, 1185 (S.D. Fla. 2020). Moreover, "[a]waiting a federal appellate decision that is likely to have a substantial or controlling effect on the claims and issues in the stayed case is at least a good reason, if not an excellent one for granting a stay." *Ferrari v. N. Am. Credit Servs., Inc.*, 585 F.Supp.3d 1334, 1336 (M.D. Fla. 2022) (quoting *Miccosukee Tribe of Indians v. S. Fla. Water Mgmt. Dist.*, 559 F.3d 1191, 1198 (11th Cir. 2009) (internal quotation marks and alterations omitted).

As noted in both the Introduction and Section II above, the Northern District of Florida recently held in *Davis v. CVS Pharmacy, Inc.* that a text message is not a "telephone call" under Section 227(c)(5). No. 4:24-CV-477-AW-MAF, 2025 WL 2491195, at *1 (N.D. Fla. Aug. 26, 2025), appeal docketed, No. 25-13358-C (11th Cir. Sept. 2025). That decision is now on appeal before the Eleventh Circuit, whose ruling will directly control the same dispositive issue presented in this case.

Application of the factors articulated in *Prisua* strongly favors a stay of this proceeding. First, this case is not at an advanced stage. No significant discovery has occurred, and trial is

currently set for nearly a year from now. Staying proceedings at this point will conserve party and judicial resources before substantial litigation costs are incurred. Second, Plaintiff will suffer no undue prejudice from a stay. The requested stay is limited in both scope and duration: it would last only until the Eleventh Circuit issues its decision in *Davis*. Plaintiff will retain the ability to pursue his claims should any remain viable after that ruling, and any delay is outweighed by the efficiencies gained. Third, simplification of the issues overwhelmingly supports a stay. As explained above, the Eleventh Circuit's decision in *Davis* will directly resolve a central and dispositive issue in this case: whether a text message qualifies as a "telephone call" under Section 227(c)(5) of the TCPA. A ruling from the Eleventh Circuit will either foreclose Plaintiff's claim entirely, or at minimum, substantially narrow the issues for litigation. In either event, a stay will avoid unnecessary proceedings and ensure this case is decided in accordance with binding appellate authority.

In short, if judgment as matter of law in favor of Defendant is not granted, a stay is fully warranted. Because the outcome of *Davis* will directly control a dispositive issue here, awaiting the Eleventh Circuit's decision is, as *Ferrari* recognized, not merely a good reason, but an excellent one.

### CONCLUSION

For the foregoing reasons, Office Depot respectfully requests the Court to (i) enter judgment as a matter of law in favor of Defendant as to Plaintiff's claims as outlined in the Complaint; (ii) in the alternative, stay this action pending the Eleventh Circuit's resolution of *Davis v. CVS Pharmacy, Inc.*; and (iii) award all other relief it deems equitable and just.

Submitted October 22, 2025.

**BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC**
200 East Broward Boulevard, Suite 2000
Fort Lauderdale, Florida 33301
Telephone: (954) 768-1600
*Counsel for Defendant, Office Depot, LLC*

By: */s/ Eve A. Cann*
    Eve A. Cann
    Florida Bar No.: 40808
    *ecann@bakerdonelson.com*
    Rebecca N. Reynolds
    Florida Bar No.: 1048963
    *rreynolds@bakerdonelson.com*

## CERTIFICATE OF SERVICE

I hereby certify that on October 22, 2025, I served a copy of the foregoing electronically via CM/ECF to all parties/attorneys on the list to receive notice in this case, including but not limited to the following:

| | |
|---|---|
| Andrew J. Shamis, Esq.<br>Christopher E. Berman, Esq.<br>**Shamis & Gentile, P.A.**<br>14 NE 1st Avenue, Suite 705<br>Miami, FL 33132<br>Telephone: (305) 479-2299<br>ashamis@shamisgentile.com<br>cberman@shamisgentile.com<br>*Counsel for Plaintiff and the Class* | Scott Edelsberg, Esq.<br>**Edelsberg Law, P.A.**<br>20900 NE 30th Avenue<br>Suite 417<br>Aventura, FL 33180<br>Telephone: (786) 289-9471<br>Facsimile: (786) 623-0915<br>scott@edelsberglaw.com<br>*Counsel for Plaintiff and the Class* |

    */s/ Eve A. Cann*
    Eve A. Cann