**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**WEST PALM BEACH DIVISION**

| | | |
|---|---|---|
| JAMES PIET, individually and on behalf of all others similarly situated, | ) ) | CASE NO. 9:24-cv-81488-WPD |
| *Plaintiff(s),* | ) ) ) | |
| v. | ) | |
| OFFICE DEPOT, LLC, | ) ) | |
| *Defendant(s).* | ) ) ) | |

**DEFENDANT, OFFICE DEPOT, LLC'S REPLY IN SUPPORT OF ITS MOTION FOR**
**JUDGMENT ON THE PLEADINGS**

Defendant, Office Depot, LLC ("Office Depot" or "Defendant") hereby replies to Plaintiff James Piet's ("Piet" or "Plaintiff") Response in Opposition to Defendant's Motion for Judgment on the Pleadings or, in the Alternative, Motion to Stay Pending Appeal (ECF No. 31) ("Response") and in support, states as follows:

**INTRODUCTION**

Two district courts in Florida have now rejected the same claim Plaintiff pursues here. In *Davis v. CVS Pharmacy, Inc.* and, more recently, in *El Sayed v. Naturopathica Holistic Health, Inc.*, both the Northern and Middle Districts of Florida held that a text message is not a "telephone call" under Section 227(c) of the Telephone Consumer Protection Act ("TCPA"). *Davis v. CVS Pharmacy, Inc.*, No. 4:24-CV-477-AW-MAF, 2025 WL 2491195, at *1 (N.D. Fla. Aug. 26, 2025); *El Sayed v. Naturopathica Holistic Health, Inc.*, No. 8:25-CV-00847-SDM-CPT, 2025 WL 2997759, at *2 (M.D. Fla. Oct. 24, 2025). Both decisions applied *de novo* review, followed the Supreme Court's directives in *Loper Bright* and *McLaughlin Chiropractic*, and concluded that the plain text of Section 227(c)(5) forecloses claims based on text messages. Plaintiff now asks this Court to reach the opposite result, creating a conflict where none exists.

Plaintiff's argument depends entirely on the Federal Communications Commission's ("FCC") 2003 Order—an agency interpretation that no longer carries binding force after *Loper Bright* and *McLaughlin Chiropractic*. This case is not an APA review of agency action; it is a private dispute requiring the Court to interpret the statute itself *de novo*. Once that standard is applied, the text resolves the issue: Section 227(c)(5) provides a private right of action only for "telephone calls," and Congress has never amended this section to include "text messages."

Unable to reconcile that language with his theory, Plaintiff turns to policy arguments and a misplaced claim that Congress "ratified" the FCC's 2003 Order through later legislation. But Congress's amendments show precisely the opposite—it added "text message" to subsection (b) while leaving subsection (c) untouched. That deliberate choice confirms that the statute says what it has always said: it applies to telephone calls, not texts.

Because the pleadings establish that the alleged communications are text messages, not telephone calls, and because every federal court in Florida to address this issue has dismissed identical claims, this Court should do the same and grant judgment on the pleadings in Office Depot's favor.

## **DISCUSSION**

### I.      **The Appropriate Standard of Review is *De Novo*.**

Plaintiff's Response argues that this Court must evaluate the FCC's interpretation of the TCPA under an "arbitrary and capricious" standard of review. (ECF No. 31 at 11-14.) That is incorrect. This case does not involve judicial review of an agency action under the Administrative Procedure Act ("APA"); it is a private dispute between private parties. Accordingly, the APA's deferential framework does not apply. Instead, this Court must interpret the statute itself *de novo*, guided by ordinary tools of statutory construction.

A. *The "Arbitrary and Capricious" Standard Does Not Apply.*

The APA authorizes judicial review only for a "person suffering legal wrong because of agency action." 5 U.S.C. § 702. Because this case does not challenge any FCC order, no "agency action" is before this Court. *See LYSTN, LLC v. Food & Drug Admin.*, No. 19-CV-01943-PAB-KLM, 2020 WL 5513409, at *8 n.7 (D. Colo. Sept. 14, 2020), *aff'd*, No. 20-1369, 2021 WL 4006184 (10th Cir. Sept. 3, 2021) (holding the APA "is not applicable to suits between private parties"). Plaintiff's suggestion that the Court must uphold the FCC's 2003 Order unless it was "arbitrary and capricious" misstates both the statute and controlling precedent.

Plaintiff himself repeatedly, indeed on almost every page of his Response and in multiple headings, describes the FCC's 2003 Order as an *interpretation* of the TCPA—not as an "agency action" subject to the APA. (ECF No. 31 at 6, 7, 8, 9, 10, 11, 13, 14, 17, 19, 20.) That characterization is correct and dispositive: courts review statutory interpretations *de novo*, not under the deferential "arbitrary and capricious" standard that governs direct challenges to agency action. Because this case concerns interpretation of a statute, not review of an administrative decision, the APA's framework does not apply.

The Supreme Court has made it clear that courts, not agencies, bear the ultimate responsibility for interpreting the laws Congress enacts. In *Loper Bright Enterprises v. Raimondo*, the Court held that "every statute's meaning is fixed at the time of enactment," and that it is the judiciary's duty "to independently interpret" statutory text. 603 U.S. 369, 395, 400 (2024). Likewise, in *McLaughlin Chiropractic Associates v. McKesson Corp.*, the Court applied that principle to the TCPA, holding that district courts are "not bound by the FCC's interpretation of the TCPA" and must instead "interpret the statute as courts traditionally do under ordinary principles of statutory interpretation, affording appropriate respect to the agency's interpretation."

606 U.S. 146, 168 (2025). Thus, Plaintiff's argument for an "arbitrary and capricious" standard cannot survive *Loper Bright* and *McLaughlin*.

To hold otherwise would resurrect the very regime *Loper Bright* abolished; one in which agencies could insulate their policy choices from judicial scrutiny merely by announcing them in a rulemaking. The Supreme Court has expressly rejected that approach. Accordingly, this Court must interpret Section 227(c) independently, applying the text that Congress enacted in 1991 rather than deferring to the FCC's later policy preferences.

**B.  Chevron *Deference No Longer Governs, and Cases Built on it Are Obsolete.***

Much of Plaintiff's Response relies on pre-*Loper Bright* and *McLaughlin* authority that applied *Chevron* deference to the FCC's 2003 Order equating text messages with telephone calls. *See, e.g.*, *Ins. Mktg. Coal Ltd v. FCC*, 127 F.4th 303, 307 n.2 (11th Cir. 2025); *Murphy v. DCI Biologicals Orlando, Ltd. Liab. Co.*, 797 F.3d 1302, 1303 (11th Cir. 2015); *Legg v. Voice Media Grp., Inc.*, 990 F.Supp.2d 1351, 1354 (S.D. Fla. 2014); *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 949 (9th Cir. 2009). But *Chevron* was expressly overruled, and those cases are no longer binding after *Loper Bright* and *McLaughlin*.

Since *Loper Bright* and *McLaughlin*, both the Northern and Middle Districts of Florida have rejected the FCC's interpretation and dismissed TCPA claims premised on text messages under Section 227(c). *See Davis, supra.* at *1 ("The statutory text here *is* clear, and a text message is not a 'telephone call.'"); *El Sayed, supra.* at *2 (rejecting identical arguments from the same plaintiffs' counsel and holding that "[t]he omission of 'text message' from paragraph 227(c)(5) confirms that the provision applies only to a 'telephone call'"). Those courts applied *de novo* review and reached the same conclusion: the plain text of Section 227(c)(5) does not encompass text messages.

In short, the applicable standard of review is *de novo*. Chevron deference is no longer, the FCC's 2003 Order is not binding, and Plaintiff cannot revive outdated precedent that depended upon them. This Court must interpret the TCPA as written in 1991, when a "telephone call" meant exactly what it still means today: a voice communication, not a text message.

**II.     The Plain Language of Section 227(c) Forecloses Plaintiff's Claims.**

Applying the correct standard of review, Plaintiff's claims fail for a straightforward reason: Section 227(c)(5) creates a private right of action only for a "telephone call." Text messages are not "calls," and nothing in the statutory text suggests otherwise. The Court's analysis therefore begins and ends with the statute's words as enacted in 1991.

**A.   *"Telephone Call" Does Not Mean Text Message.***

Section 227(c)(5) provides a private right of action to "[a] person who has received more than one *telephone call* within any 12-month period …" 47 U.S.C. § 227(c)(5) (emphasis added). The ordinary meaning of "call," both in 1991 and today, refers to a real-time voice exchange over a telephone connection—not a written electronic message. *See Perrin v. United States*, 444 U.S. 37, 42 (1979) ("[W]ords will be interpreted as taking their ordinary, contemporary, common meaning … at the time Congress enacted the statute.").

The Eleventh Circuit has acknowledged this distinction. In *Salcedo v. Hanna*, the court observed that the TCPA "has been silent as to text messaging, for that medium did not exist in 1991." 936 F.3d 1162, 1166 (11th Cir. 2019), abrogated on other grounds by *Drazen v. Pinto*, 74 F.4th 1336 (11th Cir. 2023). Had Congress intended to cover text messaging, it could have amended the statute to say so, as it has done elsewhere. But it has not. *See Facebook, Inc. v. Duguid*, 592 U.S. 395, 409 (2021) (holding that "[t]his Court must interpret what Congress wrote," not what it might have intended to write).

5

Plaintiff may try to point to the recent decision in *Mujahid v. Newity, LLC*, No. 1:25-cv-08012 (N.D. Ill. Nov. 10, 2025) in further support of its position, but that non-binding, out-of-circuit decision does not alter the analysis. Although *Mujahid* concluded that "telephone call" under Section 227(c) encompasses text messages, its reasoning relied on pre-*Loper Bright* deference to the FCC's 2003 Order and placed policy considerations over statutory text. Unlike *Davis* and *El Sayed*, *Mujahid* did not apply *de novo* review or account for the Supreme Court's directive that district courts must independently interpret the TCPA's language. *See Loper Bright*, 603 U.S. at 395, 400; *McLaughlin*, 606 U.S. at 168. Because *Mujahid* conflicts with the text of Section 227(c), with Supreme Court precedent, and with the Florida district court decisions directly addressing this issue, it provides no persuasive basis to depart from the statute's plain meaning.

Both the Northern and Middle Districts of Florida have recently reached the correct conclusion. *See Davis, supra.* at *1; *El Sayed*, *supra.* at *2. Both courts applied *de novo* review, adhered to the statute's ordinary meaning, and declined to read "telephone call" as including text messages. This Court should do the same.

**B.** ***The Term "Message" in Section 227(a)(4) Does Not Encompass Text Messages.***

Plaintiff argues that the definition of "telephone solicitation" in Section 227(a)(4), which includes the phrase "call or message," demonstrates Congress's intent to cover text messages. (ECF No. 31 at 3-4.) That argument fails. When enacted in 1991, the term "message" was consistently used in the TCPA to refer to fax messages and prerecorded voice messages, not electronic text communications. *See, e.g.*, 47 U.S.C. § 227(b)(1)(B) (prohibiting "any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message"); § 227(d) (establishing standards for fax machines and "artificial or prerecorded voice messages"). This consistent usage confirms that "message" as originally used did not and could not refer to text

messages. *See Azar v. Allina Health Servs.*, 587 U.S. 566, 576 (2019) ("[W]hen Congress uses a term in multiple places within a single statute, the term bears a consistent meaning throughout.").

A fatal flaw in Plaintiff's argument is that it projects modern technology back onto a decades-old statute. *See Jones v. Blackstone Med. Servs., LLC*, No. 1:24-CV-01074-JEH-RLH, 2025 WL 2042764, at *4 (C.D. Ill. July 21, 2025) ("Section 227(a)(4) does not refer to 'text message'; 'telephone call or message' could not be interpreted in 1991 to mean telephone call or *text* message."). The statutory context thus forecloses Plaintiff's attempt to expand "message" to cover a technology that did not exist when the law was passed.

**C. *Congress Could Have Included Text Messages, and Chose Not To.***

Congress's subsequent amendments to the TCPA confirm that its omission of "text message" from Section 227(c) was intentional. When Congress amended Section 227(e) in 2019 as part of the Consolidated Appropriations Act, it expressly distinguished between "a call made using a voice service" and "a text message sent using a text messaging service." H.R. 1625, 115th Cong., Pub. L. No. 115-141, div. P, § 503(a) (2018) (codified at 47 U.S.C. § 227(e)). This amendment demonstrates Congress's awareness of the difference between calls and texts, and its decision to use those terms separately when it intends to cover both. Had Congress intended for Section 227(c) to extend to texts, it would have said so. *See Fernandez v. Seaboard Marine, Ltd.*, 135 F.4th 939, 958 (11th Cir. 2025) ("When Congress uses different terms, we expect that they hold different meanings, especially when the same meaning would render one of the terms superfluous.") (citing *Pulsifer v. United States*, 601 U.S. 124, 149 (2024) ("In a given statute, [] different terms usually have different meanings.")). *See also El Sayed*, 2025 WL 2997759, at *2 ("[T]he term 'text message' appears elsewhere in the TCPA and related amendments, an

appearance that confirms Congress understood the pertinent distinction and legislated mindful of the distinction.").

Plaintiff's reading would render Congress's later amendments superfluous and ignore the distinction the statute draws between different communication methods. Well-established rules of statutory interpretation forbid that result. *See Hibbs v. Winn*, 542 U.S. 88, 101 (2004) ("A statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant."). Because Congress knows how to refer to text messages and did not do so in Section 227(c), Plaintiff's interpretation must be rejected.

### III. Congress Did Not Ratify the FCC's 2003 Order.

Plaintiff's Response argues that Congress's 2019 passage of the Pallone-Thune Telephone Robocall Abuse Criminal Enforcement and Deterrence ("TRACED") Act incorporated or "ratified" the FCC's 2003 Order. (ECF No. 31 at 6-8). That argument fails. The TRACED Act amended only § 227(b) to add references to "a text message sent in violation of [Section 227(b)]," expanding enforcement against text message violations of the *autodialer* provision. Pub. L. No. 116-105, § 3, 133 Stat. 3274 (2019). Congress made no such change to Section 227(c)—the provision on which Plaintiff's claims are based. That deliberate omission undercuts—rather than supports—Plaintiff's ratification theory.

The Supreme Court has long held that reenactment or ratification canon is "no more than an aid in statutory construction." *Helvering v. Reynolds*, 313 U.S. 428, 432 (1941). Rather than a binding rule, the reenactment doctrine "is merely an interpretive tool fashioned by the courts for their own use in construing an ambiguous legislation." *Mize v. Pompeo*, 483 F.Supp.3d 1317, 1340-41 (N.D. Ga. 2020) (quoting *Bell Fed. Sav. & Loan Ass'n v. Comm'r*, 40 F.3d 224, 230 (7th Cir. 1994)). Congress's silence cannot rewrite the statute or elevate an agency's interpretation

8

above the words Congress enacted. Congress's decision to expressly reference "text message" in Section 227(b), while leaving Section 227(c)(5) untouched, confirms that it did not adopt the FCC's effort to read text messages into Section 227(c).

Nor can Plaintiff salvage the 2003 Order through his ratification theory. Section 227(c) authorizes the FCC to "prescribe regulations to implement the methods and procedures" for the national do-not-call registry; it does not permit the Commission to rewrite Congress's chosen terms. 47 U.S.C. § 227(c)(2). And recent authority confirms that the FCC must stay within the bounds of the statutory text. In *Insurance Marketing Coalition Ltd. v. FCC*, the Eleventh Circuit vacated the FCC's "one-to-one-consent" rule because it conflicted with the "ordinary statutory meaning" of "prior express consent" and thus exceeded the agency's authority. 127 F.4th 303, 313 (11th Cir. 2025). The same principle applies here: an agency may not expand "telephone call" to reach text messages where Congress did not do so, and Congress's subsequent silence cannot supply authority the statute withholds. Because the 2003 Order attempts to broaden § 227(c)(5) beyond its text, it is ultra vires and cannot be ratified.

Finally, *Loper Bright* and *McLaughlin* make clear that courts must exercise independent judgment and are not bound by prior agency interpretations of the TCPA. *See* 603 U.S. 369, 394 (2024); 606 U.S. 146, 168 (2025). The statute Congress enacted in 1991 still governs: § 227(c)(5) creates a private right of action only for "telephone calls." Nothing in the TRACED Act or any subsequent amendment changes that result.

IV. **Office Depot Withdraws Its Motion to Stay Proceedings Pending Resolution of the Appeal in *Davis*.**

As Plaintiff correctly notes, the Eleventh Circuit appeal in *Davis v. CVS Pharmacy Inc.* has been voluntarily dismissed. Accordingly, Office Depot withdraws its motion to stay this action

pending the resolution of that appeal. Office Depot, however, intends to file a separate motion to stay discovery pending the Court's ruling on the instant motion for judgment on the pleadings.

## CONCLUSION

Office Depot respectfully requests the Court grant its Motion for Judgment on the Pleadings, enter judgment for Defendant in this action, dismiss Plaintiff's complaint with prejudice and grant such other and further relief as the Court deems proper.

Dated: November 20, 2025.

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC**
200 East Broward Boulevard, Suite 2000
Fort Lauderdale, Florida 33301
Telephone: (954) 768-1600
*Counsel for Defendant, Office Depot, LLC*

By:*/s/ Eve A. Cann*
    Eve A. Cann
    Florida Bar No.: 40808
    *ecann@bakerdonelson.com*
    Rebecca N. Reynolds
    Florida Bar No.: 1048963
    *rreynolds@bakerdonelson.com*

## CERTIFICATE OF SERVICE

I hereby certify that on November 20, 2025, I served a copy of the foregoing electronically via CM/ECF to all parties/attorneys on the list to receive notice in this case, including but not limited to the following:

| | |
|---|---|
| Andrew J. Shamis, Esq. | Scott Edelsberg, Esq. |
| Christopher E. Berman, Esq. | **Edelsberg Law, P.A.** |
| **Shamis & Gentile, P.A.** | 20900 NE 30th Avenue |
| 14 NE 1st Avenue, Suite 705 | Suite 417 |
| Miami, FL 33132 | Aventura, FL 33180 |
| Telephone: (305) 479-2299 | Telephone: (786) 289-9471 |
| ashamis@shamisgentile.com | Facsimile: (786) 623-0915 |
| cberman@shamisgentile.com | scott@edelsberglaw.com |
| *Counsel for Plaintiff and the Class* | *Counsel for Plaintiff and the Class* |

                                    */s/ Eve A. Cann*