UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-81488-CIV-DIMITROULEAS

JAMES PIET, individually and on
behalf of all others similarly
situated,

 Plaintiff,

v.

OFFICE DEPOT, LLC,

 Defendant.

_____/

## ORDER DENYING DEFENDANT'S
## MOTION FOR JUDGMENT ON THE PLEADINGS

THIS CAUSE is before the Court on Defendant Office Depot LLC ("Defendant" or "Office Depot")'s Motion for Judgment on the Pleadings Pursuant to Rule 12(c) (the "Motion"), filed on October 22, 2025. [DE 30]. The Court has carefully considered the Motion [DE 30], Plaintiff James Piet ("Plaintiff")'s Response [DE 31], Defendant's Reply [DE 34], and is otherwise fully advised in the premises.

### I. BACKGROUND

Plaintiff brings this putative class action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(c)(5), alleging that he received text messages on his cellular telephone from Office Depot after requesting that Office Depot cease sending such messages. Plaintiff asserts a single claim under 47 U.S.C. § 227(c)(5) and its implementing regulation, 47 C.F.R. § 64.1200(d)

1

(the Do-Not-Call or "DNC Provisions"). Plaintiff alleges that (i) on September 18, 2024, Plaintiff responded to a text message from Office Depot with the word "Stop" in an attempt to opt-out of any further text message communications with Office Depot, and (ii) he has received text messages from Office Depot after that date. [DE ¶¶ 11-16]. Plaintiff asserts a claim under the TCPA's do-not-call regulations, found at 47 C.F.R. § 64.1200(d)-(e), through the cause of action found at 47 U.S.C. § 227(c)(5). *Id*. ¶¶ 42-53. Plaintiff seeks to represent a nationwide class of persons defined as:

> Internal Do Not Call Class: All persons within the United States who, within the four years prior to the filing of this Complaint, were sent a text message from Defendant or anyone on Defendant's behalf, to said person's cellular telephone number after making a request to Defendant to not receive future text messages.

*Id*. ¶ 32. Defendant filed an answer on February 26, 2025. *See* [DE 15]. Defendant now moves for judgment on the pleadings pursuant to Rule 12(c), arguing that Plaintiff's allegations concern only text messages, and that § 227(c)(5) of the TCPA does not apply to text messages.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed - but early enough not to delay trial - a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings is governed by the same standard as a Rule 12(b)(6) motion to dismiss; on a motion for judgment on the pleadings, a court must make all inferences in favor of the nonmoving party and "must 'accept the facts alleged in the complaint as true.'" *See Guarino v. Wyeth LLC,* 823 F. Supp. 2d 1289, 1291 (M.D. Fla. 2011) (quoting *Bankers*

2

*Ins. Co. v. Fla. Residential Prop. & Cas. Joint Underwriting Ass'n,* 137 F.3d 1293, 1295 (11th Cir. 1998)). A motion to dismiss and a motion for judgment on the pleadings should not be granted unless "the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *See Losey v. Warden,* 12-16363, 2013 WL 2450736, *1 (11th Cir. June 4, 2013) (quoting *Horsley v. Feldt,* 304 F.3d 1125, 1131 (11th Cir. 2002)). The Court may consider all of the pleadings, including the complaint, answer, counterclaim, and answer to the counterclaim. *Fla. Evergreen Foliage v. E.I. DuPont de Nemours & Co.*, 165 F. Supp. 2d 1345, 1350 (S.D. Fla. 2001). If there are no issues of material fact and the moving party is entitled to judgment as a matter of law, then judgment on the pleadings should be granted. *Ortega v. Christian*, 85 F.3d 1521, 1524 (11th Cir. 1996).

### III.    DISCUSSION

Office Depot asserts the plain statutory language of the provision at issue does not encompass text messages, and the inclusion of text messages is an FCC rule, to which this Court does not owe deference.[1]

Section 227(c)(5) of the TCPA provides a private right of action to "[a] person who has received more than one telephone call within any 12-month period by or on behalf of the same

---

[1] In the alternative, Defendant argues this court should stay proceedings pending the Eleventh Circuit's resolution in *Davis v. CVS Pharmacy, Inc*, No. 4:24-CV-477-AW-MAF, 2025 WL 2491195, at *1 (N.D. Fla. Aug. 26, 2025), *appeal docketed*, No. 25-13358-C (11th Cir. Sept. 2025), which Defendant asserts, will "directly resolve the dispositive issue presented in this case." But this appeal has been dismissed, rendering this argument moot. *See id.* at [DE 5].

entity in violation of the regulations prescribed under this subsection." 47 U.S.C. § 227(c)(5) (emphasis added). Thus, to state a claim for violation of Section 227(c)(5), a plaintiff must allege "(1) receipt of more than one telephone call within any 12-month period; (2) by or on behalf of the same entity; and (3) in violation of the regulations promulgated by the FCC." *Bosley v. A Bradley Hosp. LLC*, No. 25-CV-22336, 2025 WL 2686984, at *5 (S.D. Fla. Sept. 19, 2025) (quoting *Perischett v. T-Mobile USA, Inc.*, 479 F. Supp. 3d 1333, 1339 (N.D. Ga. 2020)); "[T]he statute has been silent as to text messaging, for that medium did not exist in 1991." *Salcedo v. Hanna*, 936 F.3d 1162, 1166 (11th Cir. 2019), *abrogated by Drazen v. Pinto*, 74 F.4th 1336 (11th Cir. 2023). But the FCC has applied the statute's regulations of telephone calls to text messages, pursuant to its TCPA rulemaking authority. *See* 30 FCC Rcd. 7961, 7964 n.3, 7978–79, 8016–22 (2015); 18 FCC Rcd. 14014, 14115 (2003).

The Eleventh Circuit has historically followed the FCC rule, in accordance with the deference that Article III courts were required to afford agency rulemaking under *Chevron U. S. A. Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 104 (1984). *See Ins. Mktg. Coal. Ltd. v. FCC*, 127 F.4th 303, at n.2 (11th Cir. 2025) ("We note that even though the statute on its face does not mention text messages, the FCC—by regulation—has interpreted the word "call" to include text messages."); *Salcedo v. Hanna*, 936 F.3d 1162, 1166 (11th Cir. 2019), *abrogated by Drazen v. Pinto*, 74 F.4th 1336 (11th Cir. 2023) (under its "TCPA rulemaking authority, the FCC has applied the statute's regulations of voice calls to text messages."); *Murphy v. DCI Biologicals Orlando, Ltd. Liab. Co.,* 797 F.3d 1302, 1305 (11th Cir. 2015) (citing the FCC rule and stating, "[t]he prohibition against auto dialed calls applies to text message calls as

4

well as voice calls."). The Eleventh Circuit has likewise held that "the receipt of an unwanted text message causes a concrete injury" under the TCPA. *Drazen v. Pinto*, 74 F.4th 1336, 1346 (11th Cir. 2023).

Now, though, "*Chevron* is overruled." *Loper Bright Enters. v. Raimondo,* 603 U.S. 369, 412 (2024). "Courts must exercise their independent judgment in deciding whether an agency has acted within its statutory authority, as the APA requires." *Id.* At the same time, "[c]areful attention to the judgment of the Executive Branch may help inform [the statutory interpretation] inquiry." *Loper Bright*, 603 U.S. 369 at 412, and Courts may "afford[] appropriate respect to the agency's interpretation." *McLaughlin Chiropractic Assocs., Inc. v. McKesson Corp.*, 606 U.S. 146, 155 (2025) (citing *Loper Bright*, 603 U.S. 369 at 402).

Nevertheless, this Court will continue to follow existing Eleventh Circuit precedent and holds that a text message is a call for the purpose of the TCPA. *See supra*; *see also Barton v. Delfgauw*, No. 3:21-CV-05610-DGE, 2025 WL 2402131, at *3 (W.D. Wash. Aug. 18, 2025), *on reconsideration in part*, No. 3:21-CV-05610-DGE, 2025 WL 3003976 (W.D. Wash. Oct. 27, 2025) (continuing to rely on Ninth Circuit precedent, post-*Loper-Bright*, which held that a text message is a call within the meaning of the TCPA); *Dawson v. Porch.com*, No. 2:20-CV-00604-RSL, 2024 WL 4765159, at *5 (W.D. Wash. Nov. 13, 2024) (same). In so holding, the Court will

5

afford "appropriate respect" to the FCC's interpretation, which has been controlling for nearly twenty-five years. [2]

Moreover, although Eleventh Circuit has not directly addressed whether a "call" includes a text message under the TCPA, the Eleventh Circuit has noted since *Loper Bright* that "the FCC—by regulation—has interpreted the word 'call' to include text messages." *Ins. Mktg. Coal. Ltd. v. Fed. Commc'ns Comm'n*, 127 F.4th 303, 307 n. 2. (11th Cir. 2025) (citing *In the Matter of Rules & Reguls. Implementing the Tel. Consumer Prot. Act of 1991*, 18 FCC Rcd. 14014, 14115 (2003)).  And at least one other court in this District has likewise continued with this approach, assuming that "a text message constitutes a 'call' under the TCPA." *Bosley v. A Bradley Hosp. LLC*, No. 25-CV-22336, 2025 WL 2686984, at *5 (S.D. Fla. Sept. 19, 2025); *see also Harriel v. Bealls, Inc.,* No. 8:25-CV-1165-TPB-SPF, 2025 WL 2379617, at *2 (M.D. Fla. Aug. 15, 2025) (agreeing with the FCC's interpretation of the TCPA despite the "the changing landscape concerning deference owed to agency interpretation").

---

[2] However, interpreting the TCPA on a blank slate under ordinary principles of statutory interpretation, this Court would tend to agree with the district courts who have determined that a call does not include a text message. *See Davis v. CVS Pharmacy, Inc.*, No. 4:24-CV-477-AW-MAF, 2025 WL 2491195, at *1 (N.D. Fla. Aug. 26, 2025) ("The statutory text here *is* clear, and a text message is not a "telephone call."); *Sayed v. Naturopathica Holistic Health, Inc.*, No. 8:25-CV-00847-SDM-CPT, 2025 WL 2997759, at *2 (M.D. Fla. Oct. 24, 2025) (same). The Court appreciates that "an agency's interpretation of a statute. . . may be especially informative to the extent it rests on factual premises within [the agency's] expertise" *Loper Bright*, 603 U.S. 369 at 402 (quotation omitted). However, the factual premises here—the difference between a call and a text message—is not highly specialized and would not "give an Executive Branch interpretation particular power to persuade . . . " *id.*

Based upon the foregoing, it is **ORDERED AND ADJUDGED** that Office Depot's Motion for Judgment on the Pleadings [DE 30] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 24th day of November, 2025.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies to

Counsel of record

7