UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-cv-81488-DIMITROULEAS/MATTHEWMAN

JAMES PIET, individually and on
behalf of all others similarly situated,

      Plaintiff,

v.

OFFICE DEPOT, LLC,

      Defendant.

_____/

**<u>MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON
DEFENDANT'S MOTION TO COMPEL ARBITRATION
AND STAY PROCEEDINGS [DE 46]</u>**

**THIS CAUSE** is before the Court upon an Order of Reference from the Honorable United States District Judge William P. Dimitrouleas [DE 39] to enter a Report and Recommendation on Defendant Office Depot, LLC's ("Defendant") Motion to Compel Arbitration and Stay Proceedings ("Motion") [DE 36]. Plaintiff James Piet has filed a Response [DE 41], and Defendant has filed a Reply [DE 42]. Plaintiff has also filed a Notice of Continued Opposition to Defendant's Motion to Compel Arbitration [DE 44]. This matter is now ripe for review.

### I.      **<u>BACKGROUND</u>**

On November 25, 2024, Plaintiff filed a Class Action Complaint ("Complaint") [DE 1] alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 et seq., against Defendant. The case was initially assigned to the Honorable Rodney Smith, United States District Judge. [DE 2]. Defendant executed a waiver of service [DE 4], and counsel for Defendant appeared in the case on January 22, 2025. [DEs 6, 7]. Defendant then sought an extension of time to respond to the Complaint, which was granted. [DEs 8, 9]. On February 18, 2025, the parties

filed an Election to Jurisdiction by a United States Magistrate Judge for Final Disposition of Motions and a Joint Scheduling Report. [DEs 12, 13]. Defendant filed its Answer and Affirmative Defenses on February 26, 2025. [DE 15].

On February 28, 2025, the parties filed a Joint Notice of Mediation [DE 18], representing that they would be attending mediation on December 9, 2025. On April 15, 2025, the parties filed a Joint Motion for Entry of a Stipulated Confidentiality and Protective Order, which was granted. [DEs 22, 23]. On June 20, 2025, Defendant filed an Unopposed Motion for Transfer of Action to Judge William P. Dimitrouleas, which was granted. [DEs 26, 27]. The case was then set for trial by Judge Dimitrouleas. [DE 29].

On October 22, 2025, Defendant filed a Motion for Judgment on the Pleadings Pursuant to Rule 12(c), or, in the Alternative Motion to Stay Pending Resolution of Related Appeal [DE 30]. That motion was denied on November 24, 2025. *See* DE 35. The Motion to Compel Arbitration and Stay Proceedings [DE 36] was filed on December 15, 2025. Thereafter, Defendant filed a Motion to Strike Class Allegations [DE 38], which was denied. [DE 38].

## II.      MOTION, RESPONSE, AND REPLY

### A.      Defendant's Motion [DE 36]

Defendant argues that Plaintiff "expressly agreed to resolve any disputes with Office Depot through individual binding arbitration" by, in May 2024, "affirmatively consent[ing] to Office Depot's Terms of Use by replying 'Y' to a text message containing a direct hyperlink to those Terms." [DE 36 at 1]. Defendant asserts that the Terms of Use to which Plaintiff affirmatively consented "include a comprehensive arbitration clause requiring that 'any controversy or claim arising out of or relating to' the Terms be submitted to binding arbitration administered by the American Arbitration Association in Palm Beach County, Florida." *Id.* The Terms of Use also

2

"contain a clear, capitalized waiver of any right to pursue or participate in a class action against Office Depot." *Id.* According to Defendant, both the arbitration provision and class action waiver are valid and enforceable. *Id.* at 1–2. It further asserts that the arbitration clause delegates questions of arbitrability to the arbitrator, and that Plaintiff's TCPA falls within the scope of the arbitration agreement. *Id.* at 6–8. Finally, Defendant maintains that it has not waived its contractual right to arbitration as it has "not acted inconsistently with its contractual right to arbitrate." *Id.* at 9.

### B.      Plaintiff's Response [DE 41]

In response, Plaintiff first argues that Defendant has waived its right to arbitration as it "evidenced a clear intent to litigate this case prior to filing its Motion and thus acted inconsistently with its right to arbitration." [DE 41 at 5–9]. Next, Plaintiff asserts that Defendant has failed to meet its burden to prove the existence of an enforceable agreement. *Id.* at 9–11. He additionally argues that "Defendant did not attach a declaration from a person with knowledge that describes what this evidence is or that authenticates the documents. Accordingly, Defendant has submitted no evidence to establish that Plaintiff entered into any arbitration agreement with Defendant and its Motion must be denied." *Id.* at 11.

### C.      Defendant's Reply [DE 42]

In reply, Defendant asserts that it has not waived its arbitration rights because it "expressly asserted arbitration in its Answer and Affirmative Defenses," the filing of a Rule 12(c) motion does not constitute waiver under the applicable case law, a recent Supreme Court decision decided in June 2025 directly implicated and delayed this case, compliance with procedural obligations does not support waiver, and Plaintiff has not carried his burden of establishing waiver. [DE 42 at 3-6]. Defendant further argues that "Plaintiff does not dispute that he affirmatively opted into Office Depot's text messaging program or that he agreed to the governing Terms and Conditions,

including the arbitration provision." *Id.* at 2. It also claims that, in his Response, Plaintiff "raises a purely technical evidentiary objection to Office Depot's initial submission—an objection that has now been cured by the attached business record declaration." *Id.* Defendant points out that "Plaintiff offers no evidence disputing assent or authenticity." *Id.*

Attached to the Reply is the Business Records Declaration of Ranjith Chalasani [DE 42-1]. It states that Exhibit A to the Declaration is a "true and correct copy of an original document kept by Office Depot in the regular course of business, and it is the regular course of business of Office Depot for an employee or representative with knowledge of the act or event recorded to make or keep the record, and this record was made or kept at or near the time of the act or event, or reasonably soon thereafter." *Id.* Exhibit A is a list of text messages sent to Plaintiff by Defendant. *Id.* On May 9, 2024, at 11:59 p.m., Defendant texted Plaintiff, "Reply Y for ongoing promo & texts & confirm you read & consent to Terms bit.ly/odterms1. Consent not req. 4 purch. Txt STOP 2 cancel." *Id.* At 11:59 p.m., Plaintiff texted "Y." *Id.*

### D. Plaintiff's Notice [DE 44]

Plaintiff argues in his Notice of Continued Opposition to Defendant's Motion to Compel Arbitration, which the Court ordered him to file, that Defendant has failed to submit any admissible evidence to this Court establishing that "(1) Plaintiff sent a text message opt-in to Defendant on May 9, 2024 and that Defendant's employees did not opt Plaintiff in at a point of sale or through another mechanism; and (2) the Terms hyperlink contained within the text message purportedly sent to Plaintiff on May 9, 2024 would have directed Plaintiff to the arbitration and class action waiver provisions Defendant seeks to enforce." [DE 44 at 1–2]. He further contends that "[i]t remains Defendant's burden to prove the existence of an enforceable arbitration agreement and conclusory allegations, without proof of such an agreement, are insufficient." *Id.* at 2.

### III.    APPLICABLE LAW

Under the Federal Arbitration Act ("FAA"), "[a] written provision in any ... contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction ... shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract[.]" 9 U.S.C. § 2. "[T]he FAA requires a court to either stay or dismiss a lawsuit and to compel arbitration upon a showing that (a) the plaintiff entered into a written arbitration agreement that is enforceable 'under ordinary state-law' contract principles and (b) the claims before the court fall within the scope of that agreement." *Lambert v. Austin Ind.*, 544 F.3d 1192, 1195 (11th Cir. 2008) (citing 9 U.S.C. §§ 2–4). "Confronted with a facially valid arbitration agreement, district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Johnson v. N. Broward Hosp. Dist.*, No. 0:24-CV-62361, 2025 WL 2799835, at *1 (S.D. Fla. Oct. 2, 2025) (citing *Calcaterra v. Baptist Health S. Fla., Inc.*, 733 F. Supp. 3d 1349, 1353 (S.D. Fla. 2024); 9 U.S.C. § 3). "In ruling on a motion to compel arbitration, state law governs the interpretation and formation of the arbitration agreement[,] while federal law governs the enforceability of the arbitration agreement." *Babcock v. Neutron Holdings, Inc.*, 454 F. Supp. 3d 1222, 1228 (S.D. Fla. 2020).

"A motion to compel arbitration is treated generally as a Federal Rule of Civil Procedure 12(b)(1) motion to dismiss for lack of subject matter jurisdiction." *Calcaterra v. Baptist Health S. Fla., Inc.,* 733 F. Supp. 3d 1349, 1353 (S.D. Fla. 2024). "Accordingly, the Court may consider matters outside the four corners of the complaint." *Id.* (citing *Mamani v. Sanchez Berzain*, 636 F. Supp. 2d 1326, 1329 (S.D. Fla. 2009)).

.

## IV.   ANALYSIS

### a.   Waiver

"[T]he purpose of the waiver doctrine is to prevent litigants from abusing the judicial process." *Gutierrez v. Wells Fargo Bank, NA*, 889 F.3d 1230, 1236 (11th Cir. 2018) (cleaned up). "Acting in a manner inconsistent with one's arbitration rights and then changing course mid-journey smacks of outcome-oriented gamesmanship played on the court and the opposing party's dime." *Id.* "[T]he key ingredient in the waiver analysis is fair notice to the opposing party and the [d]istrict [c]ourt of a party's arbitration rights and its intent to exercise them." *Id.* "A party has waived its right to arbitrate if, under the totality of the circumstances, the party has acted inconsistently with the arbitration right." *Warrington v. Rocky Patel Premium Cigars, Inc.*, No. 22-12575, 2023 WL 1818920, at *2 (11th Cir. Feb. 8, 2023) (quoting *S&H Contractors, Inc. v. A.J. Taft Coal Co.*, 906 F.2d 1507, 1514 (11th Cir. 1990), and acknowledging that *Morgan* had abrogated *S&H* on other grounds); *see also Payne v. Savannah Coll. of Art & Design, Inc.*, 81 F.4th 1187, 1201 (11th Cir. 2023) ("Our waiver doctrine is typically implicated when parties have 'invoked the litigation machinery' before reversing course and claiming that arbitration was the proper avenue all along.") (citing *Gutierrez v. Wells Fargo Bank, NA*, 889 F.3d 1230, 1236 (11th Cir. 2018)); *Amargos v. Verified Nutrition, LLC*, 653 F. Supp. 3d 1269, 1275 (S.D. Fla. 2023) (In determining whether waiver has occurred, "[t]he correct standard to be applied is a totality of the circumstances test that determines whether the Defendant acted inconsistently with its contractual right to arbitration.").

Plaintiff argues that Defendant waived its claim for arbitration by

(1) filing an Answer and Affirmative Defenses, [DE 15]; (2) filing a Joint Scheduling Report that requested a jury trial, [DE 13]; (3) serving Rule 26 disclosures, a copy of which is attached as **Exhibit A**; (4) filing a Joint Notice of Mediator Selection, [DE 21]; (5) voluntarily participating in mediation on October

6

29, 2025, *see* e-mails between the parties and mediator's office, attached as **Exhibit B**; (6) responding to Plaintiff's discovery requests, *see* Defendant's discovery responses, attached as **Exhibit C**; (7) serving two non-party subpoenas for discovery, *see* subpoenas to Adobe, Inc. and Sinch America, Inc., attached as **Exhibit D**; (8) filing a Motion for Judgment on the Pleadings which sought a ruling on the merits of this case,1 [DE 30]; and (9) providing availability for a Rule 30(b)(6) deposition, *see* e-mails between counsel, attached as **Exhibit E**.

[DE 41 at 2]. Plaintiff also claims that Defendant never mentioned arbitration during the litigation nor sought to stay the case pending arbitration. However, as Defendant points out, on February 26, 2025, it filed its Answer and Affirmative Defenses, which lists as its Twelfth Affirmative Defense: "The claims are barred from being asserted in this Court to the extent that they are subject to any dispute-resolution procedure, including any arbitration clause." [DE 15 at 9]. Both parties rely on a multitude of cases from inside and outside the Eleventh Circuit to support their positions regarding waiver. The Court has reviewed those cases and has also reviewed cases not cited by the parties.

First, courts in this Circuit have found that the "mere filing of a motion to dismiss before filing a motion to compel arbitration does not constitute a waiver of [a defendant's] contractual arbitration rights." *See, e.g., Machado v. Lab. Ready Se., Inc.*, No. 1424234-CIV-LENARD-GOODMAN, 2015 WL 6829061, at *4 (S.D. Fla. Nov. 6, 2015). And, a motion for judgment on the pleadings is governed by the same standard as a Rule 12(b)(6) motion to dismiss. *See Guarino v. Wyeth LLC,* 823 F. Supp. 2d 1289, 1291 (M.D. Fla. 2011) (quoting *Banker Ins. Co. v. Fla. Residential Prop. & Cas. Joint Underwriting Ass'n,* 137 F.3d 1293, 1295 (11th Cir. 1998)). Further, a defendant's participation in mediation is "not inconsistent with an intent to arbitrate." *Hauser v. Westlake Servs., LLC.*, No. 3:18-CV-143-J-39JRK, 2018 WL 6983497, at *3 (M.D. Fla. Oct. 31, 2018), *report and recommendation adopted sub nom. Hauser v. Westlake Servs., LLC*, No. 3:18-CV-143-J-39JRK, 2018 WL 6983486 (M.D. Fla. Dec. 3, 2018) (noting that the mediation

7

conference ended in an impasse on July 27, 2018, and the motion to compel arbitration was filed on the same day).

Next, in several recent cases, after engaging in an analysis of all of the relevant facts, courts in this Circuit have determined that the defendant has not waived its arbitration rights. For example, in *Amargos, supra*, the court found that "[u]nder the totality of the circumstances…Defendant's participation was not significant enough to support a finding that it acted inconsistently with its contractual right to arbitrate." 653 F. Supp. 3d at 1276. The court noted that "Defendant did not remove the case to federal court, has not participated in mediation, exchanged discovery, or sought deposition testimony…This case is in its infancy and limited judicial resources have been employed." *Id.* Further, the court explained that "early in the proceedings, Defendant advised Plaintiff by email of its intent to seek arbitration and filed its Motion soon thereafter." *Id.* The court concluded, "[i]n light of the relatively limited participation before filing the instant Motion, no judicial involvement on the merits of the case, and Defendant's communication to Plaintiff of its intent to pursue its right to arbitrate, the Court finds that Defendant has not waived its right to compel arbitration." *Id.*

In *Hodgson v. Royal Caribbean Cruises, Ltd.*, 706 F. Supp. 2d 1248, 1257–58 (S.D. Fla. 2009), the court found that the defendant "did not substantially litigate 'to a point inconsistent with an intent to arbitrate'" where the defendant had served discovery, replied to discovery requests, moved to dismiss the complaint, and, when the motion to dismiss was denied, served an answer and affirmative defenses, and moved to compel arbitration three months before trial. The court found no waiver but also noted that most of the defendant's activity occurred in state court at the outset of the case, and the parties were only in the beginning stages of discovery. *Id.*

8

In *Dockeray v. Carnival Corp.,* 724 F. Supp. 2d 1216, 1222 (S.D. Fla. 2010), the court found that a two-month delay during which the defendant filed an answer and affirmative defenses and a motion for an extension of time did not constitute substantial litigation to a point inconsistent with an intent to arbitrate.

In *Zononi v. CHW Grp., Inc.*, No. 22-CV-14358, 2023 WL 8679400, at *3 (S.D. Fla. Nov. 16, 2023), *report and recommendation adopted,* No. 22-14358-CIV, 2024 WL 51009 (S.D. Fla. Jan. 4, 2024), the court found that "[the d]efendant's conduct shows a pattern consistent with the intent to preserve and exercise the right to invoke arbitration in a timely manner." The court pointed out that "[the d]efendant engaged in limited motion practice, comprised mainly of a handful of extension requests (DE 5, DE 11, DE 28), two versions of a motion to compel arbitration (DE 19, DE 44), and two versions of a motion to dismiss the Amended Complaint, neither of which ever reached final resolution by the District Court (DE 13, DE 44)." *Id.* The court explained that, "[f]rom a procedural standpoint, this case remains in the beginning stages." *Id.*

On the other hand, several recent cases from within the Eleventh Circuit have found that the defendant did waive its right to arbitration. For example, in *Warrington, supra*, the defendant "participated in the district court's case management proceedings" and "moved to dismiss, abate, stay, or remand [the plaintiff's] federal complaint, arguing that the case should be remanded to state court because it contained 'the exact same issues' as [the defendant]'s state suit." 2023 WL 1818920, at *2. Further, the defendant "filed for multiple extensions in the district court, forcing [the plaintiff] to file a motion to compel discovery. Only after nearly a year of trying to get this dispute into state court did [the defendant] attempt to invoke his right to arbitrate." *Id.* The Eleventh Circuit determined, under these facts, that the defendant "substantially invoked the litigation

machinery prior to demanding arbitration." *Id.* Thus, the defendant was found to have waived any right to arbitration.

In *Davis v. White*, 795 F. App'x 764 (11th Cir. 2020), the defendant initially filed motions to dismiss three complaints for failure to state a claim in October 2017 and did not file any motions to compel arbitration until March 2019, after the case had already been heavily litigated. *Id.* at 766–67. The Eleventh Circuit noted that the motions to dismiss sought to resolve the dispute on the merits, and had been appealed, and found that the defendant had substantially invoked the litigation process. *Id.* at 669–70. Thus, the defendant had waived any right to arbitration.

Similarly, in *Terris v. Sprint Corp.*, No. 8:23-CV-1033-WFJ-AAS, 2023 WL 5863524, at *3 (M.D. Fla. Sept. 11, 2023), the court explained that the defendant "evinced a clear intent to litigate prior to asserting any arbitration rights." The court noted that the defendant "filed an exhaustive Motion to Dismiss and an Amended Motion to Dismiss. After losing on three of four counts, Connectivity filed its Answer and Affirmative defenses." *Id.* Moreover, the defendant "then participated in negotiations with opposing counsel concerning the Case Management Report that was eventually submitted to the Court." *Id.* This conduct was deemed to have waived the right to arbitrate.

Here, Defendant waived service and then appeared in this case on January 22, 2025. [DEs 4, 6, 7]. Thereafter, it filed a Motion for Extension of Time [DE 8]; filed a Certificate of Other Affiliates/Corporate Disclosure Statement [DE 11]; filed an Election to Jurisdiction by a United States Magistrate Judge for Final Disposition of Motions [DE 12]; filed a Joint Scheduling Report requesting a jury trial [DE 13]; filed an Answer and Affirmative Defenses [DE 15]; served Rule 26 disclosures [DE 41-1]; filed a Joint Notice of Mediator Selection [DE 21]; filed a Joint Motion for Entry of Stipulated Confidentiality and Protective Order [DE 22]; filed a notice of Pending,

Refiled, Related or Similar Actions [DE 24]; filed an Unopposed Motion for Transfer of Action to Judge William P. Dimitrouleas [DE 26]; voluntarily participated in mediation on October 29, 2025 [DE 41-2]; responded to Plaintiff's discovery requests [DE 41-3]; served two non-party subpoenas for discovery [DE 41-4]; filed a Motion for Judgment on the Pleadings (which went to the merits of the case) [DE 30]; and provided availability for a Rule 30(b)(6) deposition [DE 41-4].

On the other hand, buried amongst Defendant's affirmative defenses, it asserts that the claims "are barred from being asserted in this Court to the extent that they are subject to any dispute-resolution procedure, including any arbitration clause." [DE 15 at 9]. Defendant is correct that asserting the right to arbitration as an affirmative defense <u>may</u> sufficiently put the plaintiff on notice. *See Gutierrez v. Wells Fargo Bank, NA*, 889 F.3d 1230, 1237 (11th Cir. 2018) (finding that the defendant had put the plaintiffs and the court on notice of its arbitration rights by explicitly discussing those rights in a response to the court's scheduling order and also citing to the parties' arbitration agreements as an affirmative defense in its answers to the plaintiffs' complaints). Here, though, other than Defendant's generic affirmative defense vaguely alluding to its right to arbitration, it does not appear that Defendant raised the issue of arbitration anywhere else in the case. Moreover, the Motion was filed over nine months after the affirmative defense was raised. Defendant further actively participated in the litigation during the interim. *See* DEs 18, 21, 22, 24, 26, 30, 32, 34]. The case is set for trial on the two-week calendar commencing on September 14, 2026, and dispositive motions are due May 20, 2026. [DE 29]. Thus, the facts here dictate in favor of finding that Defendant significantly participated in this case, materially delayed the filing of the pending motion, and waived its right to arbitrate under the totality of the circumstances.

Further, Defendant cites cases for premises such as participating in mediation alone does not constitute waiver of arbitration rights and filing a motion to dismiss or judgment on the

pleadings does not necessarily constitute waiver, but Defendant ignores its own conduct as a whole. This case is more akin to *Warrington*, *Davis*, and *Terris*, *supra*. Defendant litigated this case on the merits, delayed filing a motion to compel arbitration, and, under the totality of the circumstances, acted inconsistently with its arbitration right. The cases cited by Defendant are distinguishable in that they do not involve such clear evidence of Defendant's intent to litigate. Therefore, the Undersigned finds that Defendant has waived its right to arbitration.

### b.  The Terms of Use at Issue

Defendant alleges that Plaintiff replied "Y" to a text which prompted him to confirm that he had read and consented to Defendant's "Terms." [DE 36 at 2]. The text contained a link to Defendants' Terms of Use, including Mobile Terms of Use and general Terms of Use. *Id.* A copy of the Terms of Use (as well as the Mobile Terms of Use) is attached to the Motion. [DE 36-1].

The Terms of Use contain a mandatory arbitration clause, which states in relevant part:

> In the event of any controversy or dispute arising out of or relating to the Mobile Terms of Use, the parties to such controversy or dispute shall meet and seek resolution in good faith. Any controversy or claim arising out of or relating to the Mobile Terms of Use or the breach thereof, which is not resolved within thirty (30) days or such longer period as may be mutually agreed upon between the parties, will be submitted to binding arbitration in accordance with the procedures set forth under the BINDING ARBITRATION section of Office Depot's general Terms of Use above on this page.

[DE 36-1 at 11–12].

Further, the Terms of Use contain a clause titled "LIMITATION OF OTHER PROCEEDINGS AND CLASS ACTION WAIVER," which states:

> Each party agrees that it will not file (nor will it cause any other person or entity to file) any suit, motion, petition, or otherwise commence any legal action or proceeding which may be submitted to arbitration pursuant to this Agreement. Upon the entry of an order dismissing or staying any such action or proceeding in a court, the party which filed such action or proceeding shall promptly pay to the other party the attorneys' fees, costs, and expenses incurred by such other party

12

prior to the entry of such order. Moreover, BY AGREEING TO ARBITRATION IN ACCORDANCE WITH THIS PROVISION, YOU WAIVE YOUR RIGHT TO PARTICIPATE AS A CLASS REPRESENTATIVE OR CLASS MEMBER IN ANY ACTION AGAINST OFFICE DEPOT REGARDING ANY CLASS CLAIM YOU MAY HAVE AGAINST OFFICE DEPOT, INCLUDING ANY RIGHT TO CLASS ARBITRATION OR ANY CONSOLIDATION OF INDIVIDUAL ARBITRATIONS.

*Id.* at 2.

Here, Defendant has met its burden to prove the existence of an enforceable arbitration agreement and assent by Plaintiff. It has filed the Business Records Declaration of Ranjith Chalasani [DE 42-1], which authenticates the list of text messages sent to Plaintiff by Defendant. *Id.* The list of text messages shows that, on May 9, 2024, at 11:59 p.m., Defendant texted Plaintiff, "Reply Y for ongoing promo & texts & confirm you read & consent to Terms bit.ly/odterms1. Consent not req. 4 purch. Txt STOP 2 cancel." *Id.* At 11:59 p.m., Plaintiff texted "Y." *Id.* Thus, Plaintiff was provided with the Terms of Use and assented to them. The Terms of Use contain an arbitration provision and a class action waiver. Plaintiff has not presented any evidence to the contrary. Thus, to the extent the District Judge may potentially disagree with the Undersigned regarding waiver, he should compel Plaintiff to arbitrate his claims on an individual basis in accordance with the Terms of Use, enforce the class action waiver, and stay this action pending completion of arbitration pursuant to 9 U.S.C. § 3.

## V.      CONCLUSION

In light of the foregoing, the undersigned Chief United States Magistrate Judge **RECOMMENDS** that Defendants' Motion to Compel Arbitration and Stay Proceedings [DE 36]. be **DENIED**.

## <u>NOTICE OF RIGHT TO OBJECT</u>

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with United States District Judge William P. Dimitrouleas. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach, Florida, this 27th day of January 2026.

WILLIAM MATTHEWMAN
Chief United States Magistrate Judge